LOTTINGER, Judge.
This breach of contract action is brought by the plaintiff, William Wilson, for faulty repair work on a house addition done by the defendant, Freddie Jessie Livingston. The defendant appeals an adverse trial court judgment awarding the plaintiff $7,500.00 in damages. A trial court judgment in favor of the second defendant, the Rev. L. L. Haynes, Jr., the surety for Livingston, is not questioned on appeal and is therefore considered final.
In mid 1976, the plaintiff and the defendant entered into a building contract for $8,500.00. The defendant contractor agreed to build a carport and a garage on the plaintiff’s Baton Rouge property. The plaintiff testified that he advanced the defendant partial payments prior to the time those payments. were due under the contract terms in an effort to maintain amicable relations with the defendant. Advance payments were made even though the work on the job was progressing poorly.
Sometime after the original contract was confected, a $3,000.00 change in the contract was made. For the additional $3,000.00, the defendant agreed to convert the original carport to a den and to build a garage at the end of an extended driveway. Numerous problems arose during the construction, and the defendant never completed the job. The plaintiff eventually hired another contractor who finished the work for $7,500.00.
When questioned as to why the work was not successfully completed, the defendant stated in his testimony, “I underbid the job and then with all the changes, it was impossible. It was impossible for me to finish.” The defendant’s helper and brother-in-law, Walter Jackson, Sr., described the defendant’s work as raggedy and “to tell you the truth, we never completed nothing. There wasn’t nothing there completed.” Jackson also indicated that Livingston suggested changes on the job whenever Livingston needed extra money.
The issue on appeal is factual. Did the defendant perform the contract as originally confected and subsequently modified by the parties? The preponderance of the evidence indicates, and the trial judge so found, that the defendant did not perform the contract as the parties had agreed. The evidence shows that the defendant’s work was deficient in many ways and that the plaintiff had to pay $7,500.00 to correct the deficiencies. The trial court’s decision casting the defendant for this amount is supported by the preponderance of the evidence in the record. We therefore affirm the trial court decision in its totality. The plaintiff’s claim on appeal for additional damages is not supported by the record in this case. That claim is thus rejected.
Therefore, for the above and foregoing reasons, the decision of the trial court is affirmed. The defendant will bear the costs of this appeal.
AFFIRMED.